## STATE EX REL. THE RIVER TERRACE COMPANY, INC.
### vs.
## PAUL H. BROWN, HEALTH COMMISSIONER OF THE CITY OF STAMFORD

Superior Court      Fairfield County      File No. 64235

MEMORANDUM FILED MARCH 19, 1942.

*Frank Rich,* of Stamford, for the Plaintiff.

*Joseph J. Rinaldi,* of Stamford, for the Defendant.

FOSTER, J.   The relator purchased land in the first taxing district and in "B" business zone of the City of Stamford and submitted to the building inspector its intention and proposal to construct nine attached dwelling houses, the same to be connected with the sewer system of the city.   The building inspector granted a permit for the construction of such houses, and the construction is well under way.

In order to connect such houses with the sewer system of the city, it will be necessary that sewer pipes be conducted along or across a private road adjacent to such houses or across land owned by another.

The buildings being well under way to completion, the relator tried to borrow money by mortgage on the land and buildings.   The proposed mortgagee declined to make the mortgage loan, because it was not clear that the relator had a legal right of way across or along the private road for the installation of the sewer pipes.

John J. Campagna, president of the relator corporation, testifies that the owner of the land across which the sewer pipes might be conducted to the city sewer system demanded an exhorbitant price for such right of way.

The relator applied to the health commissioner of the City of Stamford for permission to install septic tanks and sewage trenches upon its own land for the disposal of sewage from the nine houses when construction is completed and they are occupied.   Such permission the health commissioner refused.

Now comes the relator to this court praying for a peremptory writ of mandamus requiring the health commissioner to issue to it permission to construct such septic tanks and trenches.

Passing the question as to whether this court has the power to order the health commissioner to act upon a matter which is within his discretion, the court is of the opinion that the health commissioner took the only action reasonably possible under the conditions presented.

Near to this property is the Rippowam River. The location is not far from business and residential sections of the city. Near to this land are large apartment houses. Other reasons given by the health commissioner in evidence fully justify his action. City, state and national governments are spending great sums of money to eliminate just such situations as the installation of these septic tanks and trenches would create.

Mr. Campagna and the corporation of which he is president have only themselves to blame for their present situation. Advice of lawyers expert in land titles obtained before the relator purchased the land or proceeded with construction of the buildings would have disclosed the possible lack of legal right to use the private road for the location of sewer pipe. Sewer pipe may now be laid across private land if the relator is willing to pay the price.

The issues are found in favor of the respondent.

A peremptory writ of mandamus is denied.